RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/8/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 05-30005-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JUAN FRANCISCO VAZQUEZ URIBE | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Juan Francisco Vazquez Uribe's ("Uribe") Motion to Downward Departure Based on New Revised Fast-Track Programs ("Motion to Depart") [Doc. No. 76] and Request for Expedited Ruling on Motion to Downward Departure ("Request for Expedited Ruling") [Doc. No. 77].

The Court has considered Uribe's Motion to Depart immediately, so, to this extent his Request for Expedited Ruling is GRANTED.

The Court now turns to Uribe's Motion to Depart. Uribe argues that the Court should reduce his sentence under the "New Revised Fast-Track Policy," pursuant to 18 U.S.C. § 3553(a)(6) and U.S.S.G. § 5K3. Although not cited in his Motion to Depart, Uribe apparently seeks a reduction in his sentence based on the recent extension of fast track programs into all federal judicial districts pursuant to a January 31, 2012 Memorandum written by Deputy Attorney General James M. Cole. *See* Mem. from James M. Cole, Deputy Attorney General, to all U.S. Attorneys (Jan. 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf (the "Cole Memorandum"). For the reasons set forth herein, Uribe's Motion to Depart is DENIED.

On January 26, 2005, Uribe was charged in a one-count Indictment with possession with

intent to distibute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride and 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Contrary to Uribe's motion, he was not charged with illegal re-entry into the United States.

On September 28, 2005, Uribe pled guilty to the one-count Indictment. Based upon the Report and Recommendation [Doc. No. 38] of the Magistrate Judge, on October 27, 2005, the Court issued a Judgment [Doc. No. 40] accepting Uribe's guilty plea and adjudging him guilty of Count 1.

On March 6, 2006, the Court sentenced Uribe to a term of imprisonment of 210 months.

Again, contrary to Uribe's motion, he took a direct appeal to the United States Court of Appeal for the Fifth Circuit, but the Judgment of this Court was affirmed on March 8, 2007. [Doc. No. 59].

On March 5, 2007, Uribe filed a motion to vacate, set aside or reduce his sentence, pursuant to 28 U.S.C. § 2255. After briefing, the Magistrate Judge issued a Report and Recommendation [Doc. No. 62], recommending that Uribe's § 2255 motion be denied. On June 15, 2007, the Court adopted the Report and Recommendation and denied Uribe's § 2255 motion.[1] Although Uribe also appealed the Court's June 15, 2007 Judgment on his § 2255 motion, his appeal was dismissed for want of prosecution after he failed to timely pay the filing fee.

---

[1] The Court had previously adopted the Report and Recommendation in a Judgment [Doc. No. 64] dated May 7, 2007. However, on Uribe's motion, the Court set aside the May 7, 2007 Judgment to allow him to file objections to the Report and Recommendation. [Doc. No. 66]. When Uribe then failed to file objections, the Court issued a second Judgment [Doc. No. 67] adopting the Report and Recommendation and dismissing his § 2255 motion.

Uribe now returns to the Court with the instant motion. In the 1990s, United States Attorneys' Offices and the DOJ developed early disposition or "fast track" programs to address the large number of criminal immigration cases along the southwestern border of the United States. *See Cole Memorandum*, p. 1. Congress then "harmonized" these programs with the departure provisions of the United States Sentencing Guidelines in the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act"), Pu. L. No. 108-066, 117 Stat. 650, Apr. 30, 2003. The PROTECT Act directed the United States Sentencing Commission to promulgate a downward departure of no more than four levels as part of the fast track program authorized by the Attorney General and the United States Attorney. *Cole Memorandum*, p. 1 (citing Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003).

In compliance with Congress' directive, effective October 27, 2003, the United States Sentencing Commission issued a policy statement in U.S.S.G. § 5K3.1, which provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney in the district in which the court resides."

During the past nine years, the fast track programs have been extended beyond the southwestern border states, yet are not available in all jurisdictions. As a result, the DOJ is concerned that similar defendants are treated differently in different jurisdictions. Therefore, effective March 1, 2012, "[d]istricts prosecuting felony illegal reentry cases (8 U.S.C. § 1326)–the largest category of cases authorized for fast-track treatment–shall implement an early disposition program in accordance with [certain identified] requirements and the exercise of prosecutorial discretion by the United States Attorney." *Cole Memorandum*, p. 3.

Based on the policy change identified in the Cole Memorandum, Uribe argues that the

Court should now reduce his sentence under 18 U.S.C. § 3553(a)(6) to "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Likewise, Uribe argues that the Court has authority to reduce his sentence under the policy statement implementing the PROTECT Act, U.S.S.G. § 5K3.1.

First, Uribe has not cited the Court to any authority which would allow it to reduce his term of imprisonment. "The court may not modify a term of imprisonment once it has been imposed except" in certain identified circumstances. 18 U.S.C. § 3582. None of those circumstances apply here.

Second, even if the Court were to liberally construe Uribe's motion as a motion under § 2255, he would not be entitled to relief.[2] Despite Uribe's assertions otherwise, he was never charged with illegal reentry. He most certainly will be deported at the end of his term of imprisonment, but he pled guilty to and was sentenced on the basis of his drug trafficking crime. Thus, the policy change would not apply to him even if he were sentenced today. Additionally, the Fifth Circuit has considered and rejected the argument that an advisory guidelines sentencing range was excessive because it failed to consider the disparity between defendants who, like him, were not permitted to avail themselves of a "fast track" program and defendants in other districts who can avail themselves of such a program. *United States v. Gomez–Herrera*, 523 F.3d 554, 562–63 & n. 4 (5th Cir. 2008). The Court sees no reason why the Fifth Circuit would not apply this same analysis to the facts here and decline to find that Uribe's sentence was excessive because there is no fast track for him, even though he will eventually be deported. Therefore, for

---

[2]This would be Uribe's second § 2255 application, but he could have not have raised a claim based on the DOJ policy previously.

all of these reasons, Uribe's Motion to Depart [Doc. No. 76] will be DENIED.

MONROE, LOUISIANA, this 8th day of June 2012.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE